UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILTON COUVERTIER,

    Plaintiff,

v.                                                                    Case No. 8:19-cv-1942-T-NPM

COMMISSIONER OF SOCIAL
SECURITY
    Defendant.

---

**OPINION AND ORDER**

    Plaintiff seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings (referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 22). As discussed in this opinion and order, the decision of the Commissioner is affirmed.

**I.    Social Security Act Eligibility and the ALJ Decision**

    **A.    Eligibility**

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months.[1] The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy.[2]

**B.     Procedural History**

On August 1, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits. (Tr., pp. 112, 203-209). Plaintiff asserted an onset date of October 21, 2015. (*Id.*, p. 203). Plaintiff's application was denied initially on September 20, 2016, and upon reconsideration on October 12, 2016. (*Id.*, pp. 112, 131).

Administrative Law Judge Amber Downs ("ALJ") held a hearing on July 17, 2018. (*Id.*, pp. 32-77). The ALJ issued an unfavorable decision on September 12, 2018, finding Plaintiff not disabled from October 21, 2015, through the date of the decision. (*Id.*, pp. 15-26).

On June 11, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.*, pp. 1-6). Plaintiff then filed a Complaint (Doc. 1) with this Court on August 6, 2019, and the case is ripe for review.

---

[1] *See* 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.
[2] 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

## C. Summary of the ALJ's Decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277 (11th Cir. 2020) (citing 20 C.F.R. § 416.920(a)(1)). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x. 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)–(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. §§ 404.900(b), 416.1400. Unlike judicial proceedings, SSA hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111, (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id*. Indeed, "at the hearing stage,

the Commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id*. (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id*. (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is temporarily relieved of the burden of production during step five as to whether there are enough jobs the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *Id*. at 1359; *see also Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) ("The scheme of the Act places a very heavy initial burden on the claimant to establish existence of a disability by proving that he is unable to perform his previous work."); *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001) ("[T]he overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant."); 20 C.F.R. § 404.1512 (providing that the claimant must prove disability).

In this matter, the ALJ found Plaintiff met the insured status requirements through December 31, 2020. (Tr., p. 17). At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 21, 2015, the alleged onset date. (*Id.*). At step two, the ALJ characterized Plaintiff's

severe impairments as: "spine disorders; depression and obesity." (*Id.*). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (*Id.*, p. 18).

As a predicate to step four, the ALJ arrived at the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except can lift and carry 20 pounds occasionally; can lift and carry 10 pounds frequently; can sit for a period of 6 hours in an 8-hour workday; can stand and walk for a period of 6 hours in an 8-hour workday; can push and pull as much as can lift and carry; can handle items frequently with the left hand and right hand; has fingering limitations frequently with the left hand and right hand; has feel limitations frequently with the left hand and right hand; can climb ramps and stairs frequently; can climb ladders, ropes or scaffolds occasionally; can stoop, kneel, crouch and crawl frequently; can work in extreme cold; can work at unprotected heights frequently; can work with moving mechanical parts frequently; can work in vibration frequently; and limited to perform simple routine tasks.

(*Id.*, p. 20). Consequently, the ALJ found Plaintiff unable to perform his past relevant work as a merchandise deliverer, management trainee, driver, and electronics mechanic. (*Id.*, p. 25).

Finally, at step five, the ALJ found Plaintiff could perform jobs that existed in significant numbers in the national economy. (*Id.*). In support, the vocational expert identified three representative occupations an individual with Plaintiff's age

(51 years old as of the onset date), education (at least a high school education), work experience and RFC could perform:

 (1) router, DOT 225.587-038, light, SVP 2;

 (2) marker, DOT 209.587-034, light exertional, SVP 2; and,

 (3) cleaner, housekeeping, DOT 323.687-014, light, SVP 2.

(*Id.*, p. 26).[3] Relying on the vocational expert's testimony, the ALJ concluded Plaintiff was not under a disability from October 21, 2015, through the date of the decision. (*Id.*).

## II. Analysis

Plaintiff's appeal presents the following issue: whether substantial evidence supports the administrative law judge's reliance on the vocational expert's testimony in response to a hypothetical question. (Doc. 22, p. 5).

### A. Standard of Review

While the Court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the Court's review of the agency's decision is limited to

---

[3] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work, in a purely physical sense, that the job requires, and it is divided into five categories: sedentary, light, medium, heavy and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled and skilled, with the "SVP" (Specific Vocational Preparation) providing further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled, SVP 3 and 4 are semiskilled, and SVP 5 through 9 are skilled.

determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. If supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that "the evidence preponderates against" the agency's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

### B. Vocational Expert's Testimony

Plaintiff argues the ALJ erred in relying on the expert's testimony and, therefore, the ALJ's step-five determination that Plaintiff is capable of performing other work in the national economy is not supported by substantial evidence. (Doc. 22, p. 6). Specifically, Plaintiff testified that he has muscle spasms in his hands and

fingers. (*Id.*; Tr., p. 23). The ALJ accounted for this condition by limiting the RFC to no more than frequent (one-third to two-thirds of the workday) handling, fingering, and feeling with both hands. (Doc. 22, p 7; Tr., p. 20). The ALJ then included this limitation in the hypothetical to the vocational expert. (Doc. 22, p. 7-8). Plaintiff claims this limitation does not include how long Plaintiff can use his hands at one time or whether the claimant could use his hands when required by a job. (*Id.*). Plaintiff claims it was incumbent upon the ALJ to address the muscle-spasms limitation in the hypothetical to the vocational expert and if she had, some jobs identified by the vocational expert *may* have been eliminated. (*Id.*, pp. 7-8).

In response, the Commissioner argues Plaintiff has not met his burden to show he is disabled as defined in the Social Security Act. (*Id.*, p. 9). Generally, the Commissioner argues the ALJ properly accounted for all of Plaintiff's limitations in the RFC, and that because the ALJ's hypothetical to the vocational expert included all of the limitations in the RFC finding, the ALJ properly relied on the vocational expert's testimony to find Plaintiff capable of performing other work. (*Id.*, pp. 10-11).

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). And an ALJ may obtain the testimony of a vocational expert to determine whether there are jobs

that exist in the national economy that a claimant can perform. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

In the decision, the ALJ discussed Plaintiff's tremors. (Tr., p. 18). The ALJ noted that in January 2015, Plaintiff claimed he experienced tremors in his upper extremities, and mild tremors in his left hand, but by his own admission, these tremors were "not bothersome." (*Id.*). The ALJ also noted that the tremors did not cause any dysfunction in Plaintiff's daily life. (*Id.*). The ALJ cited Plaintiff's testimony regarding the muscle spasms in his hands and fingers. (*Id.*, pp. 21, 23). And the ALJ specifically accounted for the spasms, "in assessing that [Plaintiff] can handle, finger and feel frequently with bilateral hands." (*Id.*, p. 23). In the hypotheticals to the vocational expert, the ALJ included manipulative limitations to include frequent bilateral handling, fingering, and feeling. (*Id.*, pp. 71, 72).

In sum, the ALJ included limitations in the RFC that were supported by substantial evidence. The ALJ specifically found in the decision that a limitation to frequent handling, fingering, and feeling accounted for Plaintiff's testimony as to muscle spasms. Based on the hypothetical including all of the limitations the ALJ found supported by the record, the ALJ did not err by failing to include additional limitations regarding Plaintiff's hands.

Even if the ALJ erred in failing to include additional limitations as to handling, fingering, and feeling bilaterally in the hands, the error is harmless. When a plaintiff demonstrates he is unable to perform his past relevant work, as is the case here, the evaluation proceeds to step five. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). At step five, the burden shifts to the Commissioner to show the existence of jobs in the national economy in significant numbers that an individual with the claimant's impairments can perform. *Id.* If the Commissioner makes this showing, which was done here, then "the burden shifts back to the claimant to prove [he] is unable to perform the jobs suggested by the [SSA]." *Id.* (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). And the overall burden of demonstrating the existence of a disability always rests with the claimant. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

Here, Plaintiff speculates that the listed jobs "*may require*" handling, fingering, and/or feeling, for prolonged periods of time. (Doc. 22, p. 8 (emphasis

added)). Plaintiff continues, "[f]or example, a job may require handling, fingering, or feeling for 90 minutes at a time, but no more than 2/3 of the workday, while the claimant *may* be able to handle, finger, or feel 10 minutes at a time, followed by 20 minutes of not doing these activities, for a total of 1/3 of a workday, which is still within the parameters of 'frequent.'" (*Id.* (emphasis added)). Plaintiff further speculates that had the ALJ added time limitations to Plaintiff's ability to handle, finger, and/or feel, then "this *may* have eliminated the jobs identified by the vocational expert." (*Id.*). Plaintiff only surmises that if additional limitations were included then Plaintiff *may* not be able to perform these jobs. But it is Plaintiff's burden to show he is not capable of performing any job within the representative occupations offered by the vocational expert. Speculation is insufficient to meet this burden.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds substantial evidence supports the ALJ's decision and there was either no error or no harmful error in the ALJ's application of the correct legal standard.

Accordingly, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 30, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE